UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19 CR 1001 SRC |
| | ) | |
| SHANTA WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

## 1. PARTIES:

The parties are the defendant, Shanta Williams, represented by defense counsel, David A. Bruns, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

## 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts One and Three of the charge, the government agrees to move for the dismissal as to the defendant of Counts Two, Four and Five at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's preparation of and filing false federal income tax returns

1

with the Internal Revenue Service for the years 2013, 2014 and 2015 of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

## .3. ELEMENTS:

As to Counts One and Three, the defendant admits to knowingly violating the statute listed below and admits there is a factual basis for the plea to each count and further fully understands that the elements of the crime are:

Title 26, United States Code, Section 7206(2)

1. The defendant aided and assisted in and prepared a federal income tax return that was presented to the Internal revenue Service;

2. The return was false as to a material matter; and

3. The defendant acted willfully.

4. **FACTS**:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

From 2013 through 2016, Shanta Williams, the defendant, prepared approximately 22 federal income tax returns for individuals and electronically filed most of those returns from the residence located at 8723 Oriole in the City of St. Louis. The defendant was not registered with the Internal Revenue Service (IRS) as a return preparer and she did not sign (as a preparer) the returns that she prepared and filed for other individuals. The defendant rented the house on Oriole where she lived with her son, Aaron Mitchell, along with several other relatives. Most of the tax returns prepared and filed by the defendant during that period were false and constituted fraudulent claims for refund. Aaron Mitchell also prepared and filed false federal income tax returns from the Oriole address.

The tax returns prepared and filed by the defendant were false as to a number of material matters. The defendant submitted false W-2 information which reflected false employer names as well as false wage and income tax withholding amounts. The defendant also included false education credits including so-called American Opportunity Credits on the tax returns by falsely claiming that the taxpayer in question had been a student during the tax year.

The false tax returns prepared and filed by the defendant for the years 2012, 2013, 2014 and 2015 falsely claimed refunds in the amount of $49,780.

The defendant typically received cash payments ranging from $200.00 to $300.00 to prepare and file the false returns and claims for refund. A search warrant was executed at the

3

Oriole residence in May, 2015. A notebook and other handwritten materials were seized showing the names of individuals for whom the defendant prepared returns as well as payments the defendant expected to or did receive from those individuals.

### Count One

On or about February 18, 2014, the defendant prepared and electronically filed a U. S. Individual Income Tax Return (Form 1040A) for 2013 in the name of JT. The defendant submitted false W-2 information as part of the return. That W-2 information falsely reflected federal income tax withheld in the amount of $1,256.00 based on employment at BJC Health Systems when, in fact, there was no such withholding. The defendant submitted as part of the return information to support the claim of an education and an American Opportunity Credit by claiming that JT incurred expenses as a student at "Meramec." JT did not attend any college or junior college in 2013 and incurred no education expenses. The defendant used that information to claim an education credit in the amount of $703.00 and an American Opportunity Credit in the amount of $940.00 on the return for a total of $1,643.00 in false credits. The tax return prepared and filed by the defendant in the name JT for 2013 constituted a false claim for a refund in the amount of $2,196.00 which was paid out by the IRS. The defendant knew that she made material misstatements on this return and she knew that the return was false. She acted willfully in preparing and filing this return. JT made a cash payment to the defendant for doing this and JT's name was reflected in the defendant's work papers.

### Count Three

On or about February 15, 2015, the defendant prepared and filed a U.S. Individual Income Tax return (Form 1040A) for 2014 in the name of SD. The defendant submitted false W-2

4

information as part of the return.  That information showed that SD was employed by Agape Academy and Child Development when, in fact, SD never worked for that entity.  That W-2 information also falsely reflected wages paid in the amount of $8,609.00 and federal income tax withheld in the amount of $740.00 when, in fact, there were no such wages paid or taxes withheld. An additional $124.00 in withheld income taxes were also falsely included from another entity. The defendant submitted as part of the return information to support the claim of an American Opportunity Credit by claiming that SD incurred some $4,000.00 in education expenses as a student at Florissant Valley Community College.  In fact, SD did not attend college or junior college in 2014 and incurred no allowable education expenses.  The defendant falsely claimed an American Opportunity Credit in the amount of $1,000.00.  The tax return prepared and filed by the defendant in the name of SD for 2014 constituted a false claim for refund in the amount of $2,087.00 which was paid out by the IRS.  The defendant knew that she made material misstatements on this return and she knew that the return was false.  She acted willfully in preparing and filing this return.  SD paid the defendant $250.00 in cash for doing this and SD's name was reflected in the defendant's workpapers.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for each count to which the defendant is pleading guilty is imprisonment of not more than 3 years, a fine of not more than $250,000.00, or both such imprisonment and fine, and a period of supervised release of not more than 1 year, as well as the costs of prosecution.

Accordingly, the maximum possible punishment for the defendant pursuant to her plea of guilty is imprisonment of not more than 6 years, a fine of not more than $500,000.00, or both such

fine and imprisonment.    The Court may also impose a period of supervised release of not more than 1 years as well as costs of prosecution.

**6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.   The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

a. **Chapter 2 Offense Conduct:**

(1) **Base Offense Level:**  The parties agree that the base offense level is 14 as found in Sections 2T1.4(a)(1) and 2T4.1(G) since the tax loss was $49,980.00.

(2) **Specific Offense Characteristics:**  The parties agree that 2 offense levels should be added since the defendant was in the business of preparing tax returns as found in Section 2T1.4(b)(1)(B).

b. **Chapter 3 Adjustments:**

**Acceptance of Responsibility:** The parties agree that 3 levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known.  If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court,

6

and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

c. **Estimated Total Offense Level**:  The parties estimate that the Total Offense Level is 13.

d. **Criminal History**:  The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

e. **Effect of Parties' U.S. Sentencing Guidelines Analysis**:  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

a. **Appeal**:  The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) **Non-Sentencing Issues**:  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statutes to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statutes.

7

(2)  Sentencing Issues:  In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and the agreed Total Offense Level and sentences the defendant within or above that range.

**b.  Habeas Corpus:**  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.  Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.  OTHER:**

**a.  Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

8

**b.** **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c.** **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

**d.** **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100.00 per count for a total of $200.00, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.** **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.** **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may order restitution as a condition of supervised release in this case. The Court may also impose a fine (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The

9

defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

**9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives her rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely

10

and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

3/1/2021
Date

ANTHONY BOX. #58575MO
Assistant United States Attorney

3·1·21
Date

SHANTA WILLIAMS
Defendant

3/1/21
Date

DAVID A. BRUNS
Attorney for Defendant

12